Ashkon E. Cyrus, Esq., SBN 314523
ashkon@selectip.com
**Select IP Law Corporation**
475 Washington Blvd
Marina Del Rey, CA 90292
ATTORNEY FOR PLAINTIFF INCHARGE ENERGY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| INCHARGE ENERGY, INC.,<br>          Plaintiff,<br>     vs.<br><br>INCHARGEE LLC,<br>     Defendant(s) | Case No.:<br><br>COMPLAINT FOR: 1. FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114) 2. FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125(a)) 3. COMMON LAW TRADEMARK INFRINGEMENT 4. UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200 et seq.)<br><br>JURY TRIAL DEMANDED |

Plaintiff InCharge Energy, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint against Defendant InChargeE LLC ("Defendant"), and alleges as follows:

**INTRODUCTION**

COMPLAINT FOR DAMAGES - 1

1. This is an action for federal trademark infringement, false designation of origin, federal and state unfair competition, and common law trademark infringement arising out of Defendant's unauthorized, willful, and confusingly similar use of Plaintiff's senior, federally registered INCHARGE and IN-CHARGE trademarks.

2. Plaintiff is a globally recognized leader in electric vehicle (EV) charging infrastructure and fleet charging solutions. Defendant directly mimics Plaintiff's business model by operating an EV installation services company and an online e-commerce storefront under the confusingly similar mark INCHARGEE (and/or "InChargE") via the domain name www.inchargee.com and its associated e-commerce subdomain shop.inchargee.com. Through this commercial website, Defendant markets, offers for sale, and ships EV chargers, adapters, and accessories directly to consumers nationwide, including consumers within the State of California and this Judicial District.

3. Despite explicit written notice detailing instances of actual consumer confusion, Defendant continues to willfully exploit Plaintiff's brand identity.

## THE PARTIES

4. Plaintiff InCharge Energy, Inc. ("InCharge Energy") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located within this Judicial District at 3760 Motor Ave, Los Angeles, CA 90034.

5. Defendant InChargeE LLC is an Illinois limited liability company with a principal place of business listed at 1440 N Kingsbury St, Suite 110, Chicago, IL 60642. Defendant also operates through transactional and administrative offices located at 116 S Arlington Heights Road, Suite 300, Arlington Heights, IL 60005, and 20 North Clark St., Suite 2450, Chicago, IL 60602. Defendant's commercial activities are managed and executed by its principal and agent, Angel Guillen.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over the federal law claims pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b), and 15 U.S.C. § 1121, as this action arises under the Trademark Act of 1946 (the Lanham Act), 15 U.S.C. § 1051 et seq.

COMPLAINT FOR DAMAGES - 2

7.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal civil action that they form part of the same case or controversy.

8.      This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privileges of conducting business in the State of California and this Judicial District. Specifically, Defendant operates a highly interactive online e-commerce storefront via shop.inchargee.com through which it markets, offers for sale, sells, and ships EV equipment (including chargers, adapters, and extension cables) directly to consumers located in California. Further demonstrating targeted commercial activity within this state, Defendant explicitly states on its official commercial website that it is set up to systemically collect and process California sales tax on goods shipped directly to California consumers. Defendant has established continuous economic channels targeting California residents, thereby causing tortious injury and trademark confusion within this jurisdiction.

9.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff's principal place of business is located in Los Angeles, California, and a substantial part of the events or omissions giving rise to the claims occurred in this District, including the digital marketing, offer for sale, and e-commerce shipment of infringing products to consumers located herein, resulting in acute marketplace confusion and economic harm felt directly by Plaintiff within this District.

**FACTUAL ALLEGATIONS**

**A. Plaintiff's Senior Rights and EV Sector Trademark Registrations**

10.      InCharge Energy is an industry-leading global developer of electric vehicle (EV) charging infrastructure, commercial fleet charging solutions, and related hardware manufacturing, software, installation, and maintenance services.

11.      Long prior to the acts of Defendant complained of herein, Plaintiff adopted and continuously used the trademarks INCHARGE and IN-CHARGE (collectively, the

"INCHARGE Marks") in commerce throughout the United States, including in the State of California.

12.   To protect its brand, Plaintiff sought and obtained federal trademark registrations on the Principal Register of the United States Patent and Trademark Office ("USPTO"). Plaintiff is the sole owner of all right, title, and interest in the following valid, subsisting, and uncanceled registrations:

13.   U.S. Trademark Registration No. 7193167 for the standard character mark INCHARGE in International Class 009, registered on October 17, 2023, with a first use in commerce date of March 29, 2021. This registration covers: "*Battery chargers for use with electric vehicles; Battery charging devices for motor vehicles; Charging stations for electric vehicles; Vehicle charging stations for electric fleets.*"

14.   U.S. Trademark Registration No. 7146739 for the design mark INCHARGE (consisting of a plus sign surrounded by broken lines forming a square with the word "INCHARGE" appearing directly to the right) in International Class 037, registered on August 22, 2023, with a first use in commerce date of October 10, 2022. This registration covers: "*Battery charging service for motor vehicles; Battery charging services; Charging of electric vehicles; Charging station services for electric vehicles; Installation of wiring and power supply equipment for transmission and distribution of electricity suitable for electric vehicle recharging stations; Vehicle battery charging.*"

15.   U.S. Trademark Registration No. 6637886 for the standard character mark IN-CHARGE in International Class 037, registered on February 08, 2022, with a first use in commerce date of October 15, 2019. This registration covers: "*Battery charging services; Charging of electric vehicles; Charging station services for electric vehicles; Installation of wiring and power supply equipment for transmission and distribution of electricity suitable for electric vehicle recharging stations.*"

16.   U.S. Trademark Registration No. 6657294 for the design mark IN-CHARGE (consisting of a plus sign in orange surrounded by broken lines forming a square in red, green, blue and teal with the word IN-CHARGE appearing directly below in orange) in

International Class 037, registered on March 01, 2022, with a first use in commerce date of October 15, 2019. This registration covers: "*Battery charging services; Charging of electric vehicles; Charging station services for electric vehicles; Installation of wiring and power supply equipment for transmission and distribution of electricity suitable for electric vehicle recharging stations.*"

17.    The aforementioned registrations constitute prima facie evidence of the validity of the INCHARGE Marks, Plaintiff's ownership of the marks, and Plaintiff's exclusive right to use the marks in commerce nationwide for EV charging equipment and installation services.

18.    As a result of Plaintiff's continuous use, extensive marketing, and substantial capital investment, the INCHARGE Marks have acquired exceptional commercial recognition, secondary meaning, and immense goodwill nationwide.

**B. Defendant's Direct Overlap in Services, E-Commerce Goods, and Brand Affiliations**

19.    In or around April 2026, Plaintiff first became aware of Defendant's unauthorized commercial operations and infringing use of a mark nearly identical to Plaintiff's senior INCHARGE Marks. Long after Plaintiff's adoption, nationwide use, and federal registration, Defendant began utilizing the confusingly similar mark INCHARGEE (and/or "InChargE") in connection with an identical line of business.

20.    Defendant operates a commercial website at www.inchargee.com where it explicitly advertises itself as "EV Installation Specialists." Defendant offers electrical contracting for residential and commercial EV infrastructure projects, the exact services covered by Plaintiff's registrations in International Class 037.

21.    In addition to installation services, Defendant operates a full online e-commerce storefront (shop.inchargee.com) under the Infringing Mark. Through this shop, Defendant sells EV chargers, hardware, and essential EV accessories such as adapters and extension cables. Defendant actively markets this storefront to eliminate the extra step of sourcing equipment and ships these products to buyers nationwide, including

consumers in California. True and correct copies of screenshots capturing Defendant's homepage and services offerings from its official website are attached hereto and incorporated by reference as part of Exhibit A.

22. Defendant's commercial targeting of California residents is systematic and structural. On its official Frequently Asked Questions page (https://shop.inchargee.com/pages/faq), under the express heading **"Do you charge Sales Tax?"**, Defendant explicitly states to prospective online buyers: "*When we ship products to the following states, we are currently required to charge sales tax: CA, FL, IL, MD, MA, TX, VA, and the District of Columbia.*" By establishing legal and tax compliance systems tailored specifically to process transactions inside the State of California ("CA"), Defendant confirms that its business model relies on regular, continuous commercial deployment into the California consumer market.

23. Furthermore, Defendant actively leverages its Infringing Mark to bid on and secure institutional transit and municipal opportunities within the EV infrastructure sector.

24. In the official Illinois Unified Certification Program records, the transit authority has certified Defendant under NAICS Codes 238210 and 238990 explicitly for exact overlapping commercial offerings: "*EVSE (EV Charging Stations) Installation and Consultation*" and acting as an "*EV Charging stations reseller.*"

25. To expand its commercial footprint, Defendant explicitly advertises itself on its platform as a certified installer and partner of prominent industry manufacturers within the exact same EV ecosystem.

26. Because Plaintiff InCharge Energy operates at the highest levels of the exact same EV sector and frequently interacts with these exact same industry partners, manufacturers, and platforms, the potential for consumer and industry confusion is absolute.

27.    Defendant's Infringing Mark is visually, phonetically, and commercially nearly identical to Plaintiff's senior INCHARGE Marks, merely appending a single letter "E" to Plaintiff's registered trademark.

**C. Documented Actual Confusion by Customers and Government Authorities**

28.    The concurrent use of Defendant's Infringing Mark for identical EV infrastructure services and goods has already caused severe, pervasive, and documented actual confusion among the consuming public, industry partners, and government procurement offices.

29.    Plaintiff has received direct, written electronic mail communications from consumers who are actively and entirely confused by Defendant's use of the Infringing Mark. These customers have emailed Plaintiff under the mistaken belief that Defendant's business entity is a local storefront, branch, or subsidiary of Plaintiff, submitting inquiries, order updates, and service communication logs intended exclusively for Defendant.

30.    In addition to customer confusion, sophisticated government procurement agencies have also completely failed to distinguish between the two brands. On April 28, 2026, the City of Chicago Department of Procurement Services conducted an official pre-proposal conference for a high-value municipal public works project titled "EV Charging Station."  On the official, publicly published *Pre-Proposal Conference Attendee Register* compiled by the City of Chicago for this exact project, the government procurement agency explicitly and mistakenly recorded Defendant's managing personnel and principals, Angel Guillen and Socrates Guillen, under the company name "InCharge Energy", the exact corporate name of Plaintiff. A true and correct copy of this official municipal procurement registry is attached hereto and incorporated by reference as part of Exhibit B.

31.    Due to Defendant's representatives utilizing their infringing domain emails (angel@inchargee.com and sguillen@inchargee.com), the government procurement officers were entirely unable to distinguish between Defendant's entity and Plaintiff's

senior, federally registered brand, officially registering Defendant's team as representing Plaintiff.

32. This instance of actual institutional confusion demonstrates that Defendant's business directly overlaps with, disrupts, and intercepts commercial public-sector trade channels championed by Plaintiff.

**D. Defendant's Knowledge and Willful Refusal to Cure**

33. On May 12, 2026, Plaintiff, through counsel, sent a formal written Notice to Cease and Desist via Certified Mail and Email to Defendant. The notice explicitly detailed Plaintiff's senior federal rights, the overlapping EV services, and the ongoing instances of actual industry confusion.

34. Defendant continues to actively maintain, operate, and generate revenue from the infringing online shop and website under the domain www.inchargee.com.

35. Defendant's ongoing use of the Infringing Mark, its targeted e-commerce shipments into California, and its absolute refusal to surrender the deceptive domain name after explicit notice of actual confusion demonstrates a deliberate, bad-faith, and willful disregard for Plaintiff's federally registered trademark rights.

36. Plaintiff has not authorized, licensed, or otherwise permitted Defendant to use the INCHARGE Marks, or any colorable imitation thereof, in connection with the commercial advertising, marketing, distribution, installation, or sale of EV charging equipment or related infrastructure services. Defendant's deployment of the confusingly similar INCHARGEE mark is entirely without legal right or justification.

37. As a direct and proximate result of Defendant's ongoing, willful infringing activities, Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm to its business, commercial reputation, and invaluable marketplace goodwill. Plaintiff has no adequate remedy at law, and unless Defendant's unlawful activities are preliminary and permanently enjoined by this Court, Defendant will continue to divert trade, cause severe marketplace confusion, and destroy the distinctiveness of Plaintiff's senior registered marks.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement (15 U.S.C. § 1114)

38.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

39.     Defendant has used and continues to use in commerce, without Plaintiff's authorization, a colorable imitation of Plaintiff's federally registered INCHARGE and IN-CHARGE Marks (U.S. Reg. Nos. 6,637,886; 6,657,294; 7,146,739; and 7,193,167) in connection with the sale, offering for sale, distribution, and advertising of EV charging hardware and installation services.

40.     Defendant's unauthorized use of the nearly identical Infringing Mark INCHARGEE is likely to cause confusion, mistake, or deception among consumers, government procurement entities, and industry partners as to the source, origin, or affiliation of Defendant's online storefront, EV products, and installation services.

41.     Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42.     Defendant's infringement has been and continues to be willful, deliberate, and intentional, performed with full knowledge of Plaintiff's registrations and actual confusion logs, making this an exceptional case under 15 U.S.C. § 1117(a).

43.     As a direct and proximate result of Defendant's acts, Plaintiff has suffered, and will continue to suffer, irreparable injury and monetary damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))

44. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

45. Plaintiff is the senior user of the inherently distinctive and commercially valuable INCHARGE Marks within the EV charging sector.

46. Defendant's unauthorized use of the Infringing Mark INCHARGEE and the domain inchargee.com constitutes a false designation of origin and a misleading representation of fact in interstate commerce.

47. Defendant's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and commercial activities by Plaintiff, and has already resulted in documented instances of actual confusion among consumers and municipal purchasing departments.

48. Defendant's acts constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. Defendant's conduct has caused and will continue to cause irreparable harm to Plaintiff's commercial reputation and goodwill, for which Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement

50. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

51. Through long-standing, continuous, and extensive nationwide use, Plaintiff has established common law trademark rights in the INCHARGE Marks that are senior to any rights claimed by Defendant.

52. Defendant's unauthorized use of a confusingly similar mark to market, sell, and ship EV chargers and accessories to consumers in California constitutes trademark infringement under the common law of the State of California.

53. Defendant's acts have caused, and will continue to cause, severe economic damages and damage to the integrity of Plaintiff's brand identity.

## FOURTH CLAIM FOR RELIEF

### Statutory Unfair Competition (Cal. Bus. & Prof. Code § 17200 et seq.)

54. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

55. Defendant's unauthorized use of Plaintiff's registered trademarks and the deceptive domain name constitutes an unlawful, unfair, or fraudulent business act or practice within the meaning of California Business and Professions Code § 17200 et seq.

56. Defendant's practices are unlawful because they constitute trademark infringement and unfair competition under federal and common law. They are fraudulent because they are substantially likely to deceive, and have actively deceived, members of the public into believing Defendant's shop and EV services are associated with or approved by Plaintiff.

57. Defendant has reaped, and continues to reap, wrongful profits and unfair commercial advantages from these acts by capturing web traffic, customer emails, and corporate contract inquiries meant for Plaintiff.

58. As a result of Defendant's unfair competition, Plaintiff has suffered injury-in-fact and lost money or property, and is entitled to injunctive relief, restitution, and any other remedies available under the statute.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff InCharge Energy, Inc. prays for judgment against Defendant InChargeE LLC as follows:

A. That the Court enter judgment in favor of Plaintiff on all counts;

B. That the Court issue a preliminary and permanent injunction restraining and enjoining Defendant, its officers, agents, servants, employees, commercial managers (including Angel Guillen), and all persons in active concert or participation with them, from:

1. Using the infringing marks INCHARGEE, InChargE, the domain name inchargee.com, or any other mark, name, or domain confusingly similar to Plaintiff's INCHARGE and IN-CHARGE marks, in connection with any

online marketplace, website, e-commerce shop, EV installation services, or marketing materials;

2. Doing any act or thing calculated or likely to cause consumers, municipal agencies, or industry partners to believe that Defendant's products or services are sold, authorized, sponsored, or approved by, or affiliated with Plaintiff;

C. That the Court order Defendant to immediately transfer ownership, control, and registration of the domain name inchargee.com to Plaintiff;

D. That the Court enter an order pursuant to 15 U.S.C. § 1118 requiring Defendant to deliver up for destruction all unauthorized promotional materials, signage, labels, packaging, clothing, and business assets bearing the infringing INCHARGEE or InChargE marks, or any colorable imitation of Plaintiff's marks;

E. That the Court order Defendant to account for and pay to Plaintiff all profits realized by Defendant derived from its wrongful acts, and/or all damages sustained by Plaintiff, and that such damages be trebled pursuant to 15 U.S.C. § 1117 due to the willful nature of the infringement;

F. That the Court find this to be an exceptional case and award Plaintiff its reasonable attorneys' fees, investigative costs, and costs of suit pursuant to 15 U.S.C. § 1117(a);

G. That the Court award Plaintiff punitive and exemplary damages under California law for Defendant's willful, malicious, and fraudulent conduct;

H. That the Court award Plaintiff pre-judgment and post-judgment interest on all monetary awards as allowed by law; and

I. That the Court grant Plaintiff such other and further relief as the Court deems just and proper.

**Respectfully Submitted,**

Dated: 07/02/2026                    **SELECT IP LAW CORPORATION**

By: /s/ Ashkon Cyrus

Ashkon Cyrus
Attorney for Plaintiff
INCHARGE ENERGY, INC.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: 07/02/2026                    **SELECT IP LAW CORPORATION**

By: /s/ Ashkon Cyrus

Ashkon Cyrus
Attorney for Plaintiff
INCHARGE ENERGY, INC.